UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILENE BUCHHOLZ,<br><br>              Plaintiff,<br><br>v.<br><br>DAVE HUMPHREY, *et al.*,<br><br>              Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Civil No. 03cv1617-L(WMc)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND APPLICATION FOR COSTS** |

In this employment discrimination, breach of contract and fraud action, Defendants moved for attorneys' fees pursuant to the California Fair Employment and Housing Act ("FEHA"), and applied for costs pursuant to Federal Rule of Civil Procedure 54(d)(1). Plaintiff opposes both requests. For the reasons which follow, Defendants' motion for attorneys' fees and application for costs are **DENIED**.

Defendants are involved in the manufacture and sale of dietary supplements, including products specifically developed for the special needs of autistic children. Plaintiff, a nurse with industry background, was employed by Defendants as a Vice President involved in product development and marketing. She asserted causes of action for wrongful termination for whistle-

blowing, wrongful termination based on gender discrimination, gender discrimination in the benefits of employment, breach of employment contract, breach of the implied covenant of good faith and fair dealing, fraud and negligent misrepresentation against Defendants. Specifically, Plaintiff claimed she did not receive the same benefits of employment as promised when she accepted the position and that the benefits she received were not the same as those received by the male vice presidents. Plaintiff also claims she was terminated in retaliation for questioning Defendants' product labeling as lactose-, casein- and gluten-free and the truthfulness of their representations that they conducted independent product testing. Defendants counterclaimed for fraud and breach of duty of loyalty. They maintained Plaintiff was disloyal by allegedly misappropriating trade secrets and conspiring to start a competing business. Ultimately, the jury found for Defendants on Plaintiff's claims and for Plaintiff on Defendants' claims. A judgment was entered wherein neither side recovered anything.

Defendants applied for $31,487.61 in costs pursuant to Rule 54(d), to which Plaintiff objected. In addition, Defendants moved for $187,287.07 in attorneys' fees based on FEHA, which Plaintiff opposed.

In actions brought under FEHA, "the court, in its discretion, may award to the prevailing party reasonable attorney's fees and costs, including expert witness fees, except where the action is filed by a public agency or a public official, acting in an official capacity." Cal. Gov't Code § 12965(b) (last sentence). "In interpreting FEHA, California courts have adopted the methods and principles developed by federal courts in employment discrimination claims arising under title VII of the Civil Rights Act . . . and under the federal Age Discrimination in Employment Act" including with respect to FEHA's attorneys' fees provision, Cal. Gov't Code § 12965(b). *Cummings v. Benco Bldg. Serv.*, 11 Cal. App. 4th 1383, 1386-87 (1992); *Rosenman v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro*, 91 Cal. App. 4th 859, 865 (2001). With respect to attorneys' fees, California courts apply the standards set forth in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417 (1978). *Cummings*, 11 Cal. App. 4th at 1387, 1388, 1390; *Rosenman*, 91 Cal. App. 4th at 865-66, 867-68, 872.

/ / / / /

Pursuant to *Christiansburg*, under "Title VII a prevailing *plaintiff* ordinarily is to be awarded attorney's fees in all but special circumstances." 434 U.S. at 417 (emphasis in original, footnote omitted). The same standard does not apply to prevailing defendants. Two policy considerations support the asymmetrical standard. "First, . . . the plaintiff is the chosen instrument of Congress to vindicate a policy that Congress considered of the highest priority. Second, when a district court awards counsel fees to a prevailing plaintiff, it is awarding them against a violator of federal law." *Id*. at 418-19 (internal quotation marks and citation omitted). Accordingly, awards to prevailing defendants should not be routinely permitted simply because the defendant is the prevailing party. *Id*. at 421; *see also Patton v. County of Kings*, 857 F.2d 1379, 1381 (9th Cir. 1988) ("[t]he mere fact that a defendant prevails does not automatically support an award of fees"). "[W]hile Congress wanted to clear the way for suits to be brought under [Title VII], it also wanted to protect defendants from burdensome litigation having no legal or factual basis." *Christiansburg*, 434 U.S. at 420. Therefore, a prevailing defendant may recover attorneys' fees from the plaintiff if "a court finds that his [or her] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Id*. at 422. If these requirements are met, fees can be assessed against a plaintiff "even though [the claim was] not brought in subjective bad faith." *Id*. at 421.

With respect to evaluating Plaintiff's claims, the court may not "assess[] attorney's fees against plaintiffs simply because they do not finally prevail [because this would] substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII." *Id*. at 422. In applying the "frivolous, unreasonable or groundless" criteria,

> it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his [or her] action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear

/ / / / /

3

questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Id*.

A pattern has developed in cases awarding attorneys' fees to the prevailing defendant, which "indicate that either the plaintiff's conduct was egregious or that his or her case was patently baseless for objective reasons." *Cummings*, 11 Cal. App. 4th at 1389 (discussing cases); *Rosenman*, 91 Cal. App. 4th at 869-70 (discussing cases). For example, fees have been awarded to defendants when the plaintiff was either charged with or accused of perjury, when the plaintiff's claim was "contrary to undisputed facts or well established legal principles specifically precluding recovery," when the plaintiff "continuously [sought] to avoid adverse legal rulings by intentionally submitting renewed motions which disguised the subject matter of previously denied motions," or when the plaintiff "pursued litigation after discovery affirmatively disclosed the factual basis for the alleged discrimination was patently nonexistent." *Cummings*, 11 Cal. App. 4th at 1389-90; *see also Rosenman*, 91 Cal. App. 4th at 869-70.

Defendants attempt to liken Plaintiff's case to cases where attorneys' fees were awarded to the prevailing defendant. *Patton v. County of Kings*, a case on which Defendants rely, is one of the examples cited in *Cummings* for the principle that fees may be awarded when the plaintiff's cause of action is "contrary to well established legal principles specifically precluding recovery . . .." *Cummings*, 11 Cal. App. 4th at 1390. In *Patton*, the court applied the *Christiansburg* standard to attorneys' fees in a civil rights action under 42 U.S.C. § 1983. The district court's attorneys' fee award was affirmed because the plaintiff amended his complaint in an "obvious attempt to avoid the constricture of [applicable case law], that damage to reputation is not actionable under § 1983 unless it is accompanied by some more tangible interests." *Patton*, 857 F.2d at 1382. Although Defendants argue Plaintiff's claims were groundless, they do not contend that she asserted them in a misleading way so as to avoid controlling law.

*National Organization for Women v. Bank of California*, 680 F.2d 1291 (9th Cir. 1982), another case on which Defendants rely, was discussed in *Cummings* as an example of the principle that when the plaintiff "continuously [sought] to avoid adverse legal rulings by

4

intentionally submitting renewed motions which disguised the subject matter of previously denied motions," attorneys' fees may be awarded. *Cummings*, 11 Cal. App. 4th at 1390. However, no such practice occurred in this case.

Last, Defendants rely on *Moss v. Associated Press*, 956 F. Supp. 891 (C.D. Cal. 1996). In *Moss*, the defendant's attorneys' fee award was limited to the fees incurred after the plaintiff became aware of facts demonstrating the absence of discrimination, thus rendering his continued litigation unreasonable. Defendants appear to maintain Plaintiff's case was unreasonable from the start. As discussed below, the court disagrees with this view.

The California Court of Appeal found *Moss* instructive, and relied on it to fashion a refinement of the patterns identified in *Cummings*. *Rosenman*, 91 Cal. App. 4th at 873-74. The court ruled that

> where the plaintiff presents a colorable claim, and particularly where the adverse jury verdict is less than unanimous, such an award is inappropriate in light of the very strong public antidiscrimination policy embodied in FEHA. Any other standard would have the disastrous effect of closing the courtroom door to plaintiffs who have meritorious claims but who dare not risk the financial ruin caused by an award of attorney fees if they ultimately do not succeed.

*Id*. at 874. The court reversed as abuse of discretion defendant's attorneys' fee award in part because the plaintiff had made out a *prima facie case* of discrimination. *Id*. at 873-74 (discussing *Gonzales v. Metpath, Inc.*, 214 Cal. App. 3d 422 (1989) & *Guthries v. State of California*, 63 Cal. App. 4th 1108 (1998)).

Defendants do not present any evidence regarding the unanimity of the jury verdict. They claim "plaintiff's total lack of evidence at trial of any gender discrimination whatsoever" (Mot. at 6), however, they do not cite to any transcripts in support of this point. The court disagrees with their assessment of Plaintiff's case.

At trial Plaintiff presented sufficient evidence to make out a *prima facie* case of disparate treatment in employment benefits based on gender. "In disparate treatment cases, the plaintiff must prove the ultimate fact that the defendant engaged in intentional discrimination." *Heard v. Lockheed Missiles & Space Co., Inc.*, 44 Cal. App. 4th 1735, 1748 (1996). "Proving intentional discrimination can be difficult because there will seldom be eyewitness testimony as to the

5

employer's mental processes. It is rare for a plaintiff to produce direct evidence or smoking gun evidence of discrimination." *Id*. (internal quotation marks, brackets and citations omitted). "Thus, plaintiffs may demonstrate via indirect or circumstantial evidence that they were the victims of discrimination." *Id*. at 1749. For these reasons, the "burden of proving *prima facie* case of disparate treatment is not onerous." *Id*. at 1751. "The purpose of the prima facie case is for the plaintiff to produce evidence demonstrating that the employment decision occurred in circumstances which allow the court to infer unlawful discrimination." *Id*. at 1755. "[P]roof regarding similarly situated employees outside the protected class may be one way of raising an inference of intentional discrimination . . .." *Id*. (internal quotation marks and citation omitted). In this case, Plaintiff not only presented evidence that Defendant Humphrey Laboratories, Inc. ("HLI") failed to extend Plaintiff the same benefits it extended to the male vice presidents, the jury agreed with her on this point. (Special Verdict on Pl.'s Claims at 15.)

Aside from the lack of evidence argument, Defendants also maintain Plaintiff's discrimination claim was groundless because their after-acquired evidence defense "operates as a complete defense to the wrongful termination claim." (Mot. at 8.) This is incorrect. Although the after-acquired evidence doctrine may limit a plaintiff's remedies depending on the circumstances in each case, it does not preclude a finding of liability. *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352 (1995); *Cooper v. Rykoff-Sexton, Inc.*, 24 Cal. App. 4th 614, 618-19 (1994). Accordingly, the court finds Plaintiff's claim was not frivolous, unreasonable or groundless.

Defendants also base their attorneys' fee motion on Plaintiff's abandonment during trial of gender discrimination claims against two of the Defendants. Her gender discrimination claim against Defendant HLI remained, however, and Plaintiff was able to make a *prima facie* case as to this Defendant. Defendants have themselves to blame for having to try all of Plaintiff's claims because they failed to file a single dispositive motion in more than three years before trial. If Plaintiff's claims were as frivolous and groundless as Defendants now contend, they should have attacked them with a summary judgment motion. Furthermore, Defendants themselves asserted claims they later abandoned. For example, they named Plaintiff's husband a

6

cross-defendant. Although they later dismissed him, it would appear that including him in the cross-complaint was intended to exert pressure on Plaintiff rather than assert a viable claim in good faith.

Last, Defendants attack Plaintiff's credibility as a witness by broadly asserting that she lied. They point to no transcript in support of their accusation. Even if Defendants' allegations were accepted *arguendo* at face value, they are insufficient to rise to the level of blatant perjury found in cases where fees were awarded to prevailing defendants. *See Rosenman*, 91 Cal. App. 4th at 870. In this case the jury believed one side over the other, as often happens when cases go to trial.

While the jury ultimately was not convinced that gender discrimination motivated HLI's decision not to extend Plaintiff the same employment benefits as the male vice presidents, Plaintiff's case "appears to be a routine case in which the plaintiff merely failed to achieve success on her claim." *Id*. at 872, quoting *Cummings*, 11 Cal. App. 4th at 1390. In such routine cases, awarding fees to the prevailing defendant constitutes abuse of discretion. *Cummings*, 11 Cal. App. 4th at 1390. Accordingly, Defendants' motion for attorneys' fees is denied.

Defendants also applied for costs pursuant to Rule 54(d)(1), which provides in pertinent part that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . .." "Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)." Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 2667 at 204 (West 1998). In this case judgment was entered in favor of neither party, as Plaintiff failed to prevail on any of her claims and Defendants failed to prevail on any of their counterclaims. (Judgment at 1.) Defendants point to the jury's findings regarding intentional misrepresentation and breach of loyalty. (*See Special Verdict on Counter-Claim* at 1-2.) However the jury expressly found no causation of damage to Defendants (*id.*), and neither party obtained any relief. Accordingly, the court finds that neither party is prevailing.

/ / / / /

/ / / / /

7

1  For the foregoing reasons, Defendants' motion for attorneys' fees and their application
2  for costs are **DENIED**.

4  **IT IS SO ORDERED**.
5  DATED: September 5, 2007

6  
   M. James Lorenz
7  United States District Court Judge
   COPY TO:
8  
   HON. WILLIAM McCURINE, JR.
9  UNITED STATES MAGISTRATE JUDGE
10 ALL PARTIES/COUNSEL